UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Self Advocacy Solutions N.D., League of Women Voters of North Dakota, Maria Fallon Romo,<br><br>                Plaintiffs,<br><br>vs.<br><br>Alvin Jaeger, in his official capacity as Secretary of State, Debbie Nelson, in her official capacity as County Auditor of Grand Forks County,<br><br>                Defendants. | **DEFENDANT ALVIN JAEGER'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Case No. 3:20-cv-00071 |

Defendant Alvin Jaeger, in his official capacity as the North Dakota Secretary of State ("Secretary"), answers Plaintiffs' allegations in the Complaint For Declaratory And Injunctive Relief (Doc. 1) ("Complaint") as follows:

1. Except as specifically admitted or qualified, the Secretary denies each and every allegation in the Complaint.

2. With respect to Paragraph 1 of the Complaint, the Secretary asserts the Governor's executive order speaks for itself. The Secretary admits that all North Dakota counties have elected to conduct the June 9, 2020 election exclusively by mail. The Secretary is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 1 of the Complaint.

3. With respect to Paragraph 2 of the Complaint, the Secretary asserts that under North Dakota law, the signature on a voter's absentee ballot envelope is compared with the signature on the voter's absentee ballot application to determine whether they "correspond". However, the Secretary denies the Plaintiffs' characterization of the process described in Paragraph 2 of the Complaint.

4. The Secretary denies the allegations in Paragraphs 3, 4, and 5 of the Complaint.

5. The Secretary admits the allegations in Paragraph 6 of the Complaint.

6. The Secretary is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 7 of the Complaint.

7. The Secretary denies the allegations in Paragraph 8 of the Complaint.

8. With respect to Paragraph 9 of the Complaint, the Secretary admits Plaintiff Maria Fallon Romo is a regular voter. The Secretary is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 9 of the Complaint.

9. With respect to Paragraph 10 of the Complaint, the Secretary admits Plaintiff Maria Fallon Romo typically votes in person, but in 2018, voted by absentee ballot. The Secretary is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 10 of the Complaint.

10. The Secretary is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 11, 12, 13, 14, and 15 of the Complaint.

11. With respect to Paragraph 16 of the Complaint, the Secretary admits Plaintiff Self Advocacy Solutions N.D. is a nonprofit organization. The Secretary is without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 16 of the Complaint.

12. The Secretary is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 17, 18, 19, and 20 of the Complaint.

13. With respect to Paragraphs 21, 22, 23, and 24 of the Complaint, the Secretary admits the allegations but asserts the cited laws speak for themselves.

14. The Secretary is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 25 of the Complaint.

15. With respect to Paragraphs 26 and 27 of the Complaint, the Secretary asserts the actions referred to speak for themselves.

16. The Secretary admits the allegations in Paragraph 28 of the Complaint.

17. The Secretary denies the allegations in Paragraph 29 of the Complaint, and asserts the order referred to only applies to the June 2020 election.

18. The Secretary is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 30 of the Complaint.

19. With respect to Paragraphs 31, 32, 33, 34, 35, 36, and 37, the Secretary admits the allegations but asserts the referenced laws speak for themselves.

20. With respect to Paragraph 38 of the Complaint, the Secretary asserts the referenced laws speak for themselves.  The Secretary denies the remaining allegations in Paragraph 38 of the Complaint.

21. With respect to Paragraph 39 of the Complaint, the Secretary admits the allegations, but asserts the referenced law speaks for itself.

22. With respect to Paragraph 40 of the Complaint, the Secretary admits the allegations, but asserts the referenced manual speaks for itself.

23. The Secretary is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 41, 42, and 43 of the Complaint.

24. The Secretary denies the allegations in Paragraphs 44, 45, and 46 of the Complaint.

25. The Secretary is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 47 of the Complaint.

26. With respect to Paragraph 48 of the Complaint, the Secretary asserts the referenced report speaks for itself.

27. The Secretary is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 49 of the Complaint.

## CAUSES OF ACTION

**Count I:     Denial of Procedural Due Process in Violation of the Fourteenth Amendment, 42 U.S.C. § 1983.**

28.     With respect to Paragraph 50 of the Complaint, the Secretary reasserts Paragraphs 1 through 27 above.

29.     With respect to Paragraphs 51, 52, 53, 54, and 55 of the Complaint, the Secretary asserts the referenced cases speak for themselves. The Secretary denies the deprivation of any of Plaintiffs' rights.

30.     The Secretary denies the allegations in Paragraph 56 of the Complaint.

31.     With respect to Paragraphs 57 and 58 of the Complaint, the Secretary asserts the referenced cases speak for themselves. The Secretary denies the deprivation of any of Plaintiffs' rights.

32.     The Secretary denies the allegations in Paragraphs 59, 60, and 61 of the Complaint.

**Count II:    Deprivation of the Fundamental Right to Vote in Violation of the First Amendment and Fourteenth Amendments, 42 U.S.C. § 1983.**

33.     With respect to Paragraph 62 of the Complaint, the Secretary reasserts Paragraphs 1 through 32 above.

34.      With respect to Paragraphs 63 and 64 of the Complaint, the Secretary asserts the reference cases speak for themselves. The Secretary denies the deprivation of any of Plaintiffs' rights.

35.     The Secretary denies the allegations in Paragraphs 65, 66, 67, 68, and 69 of the Complaint.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

1.     The Secretary affirmatively alleges the Complaint fails to state a claim upon which relief can be granted.

2.     The Secretary affirmatively alleges the Plaintiffs lack standing.

3.     The Secretary affirmatively alleges the Complaint fails to allege any violation of Plaintiffs' federal rights.

4. The Secretary affirmatively alleges the Plaintiffs cannot show that they have suffered any constitutional violation.

5. The Secretary affirmatively alleges the Plaintiffs' claims are barred or limited by Plaintiffs' own conduct.

6. The Secretary affirmatively alleges the damages suffered or incurred by Plaintiffs, if any, were not in the nature or to the extent alleged.

7. The Secretary affirmatively alleges the Plaintiffs' claims for injunctive relief should be dismissed because Plaintiff cannot show that they will suffer any harm in the future.

8. The Secretary asserts that he is immune from suit under the Eleventh Amendment to the United States Constitution.

9. The Secretary incorporates by reference all affirmative defenses in Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, the Secretary respectfully requests that Plaintiffs' Complaint be, in all things, dismissed and that the Secretary be awarded costs, disbursements, and any other relief the Court deems just and equitable.

Dated this 1st day of June, 2020.

State of North Dakota
Wayne Stenehjem
Attorney General

By:  /s/ Matthew A. Sagsveen
Matthew A. Sagsveen
Solicitor General
State Bar ID No. 05613
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email masagsve@nd.gov

By:  /s/ David R. Phillips
David R. Phillips
Assistant Attorney General
State Bar ID No. 06116
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email drphillips@nd.gov

Attorneys for Defendant.