UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Self Advocacy Solutions N.D., League of Women Voters of North Dakota, Maria Fallon Romo,<br><br>                      Plaintiffs,<br><br>  vs.<br><br>Alvin Jaeger, in his official capacity as Secretary of State, Debbie Nelson, in her official capacity as County Auditor of Grand Forks County,<br><br>                      Defendants. | **JOINT MOTION FOR ENTRY OF PERMANENT INJUNCTION AND FINAL JUDGMENT**<br><br>Case No. 3:20-cv-00071 |

    Secretary of State Jaeger ("the Secretary") and Plaintiffs respectfully move the Court, pursuant to Fed. R. Civ. P. 65(a)(2), to consolidate the preliminary injunction hearing with the trial on the merits and enter a permanent injunction and final judgment. Following the June 2020 primary, the Secretary and Plaintiffs conferred and propose minor adjustments to the preliminary injunction ordered by the Court. Those adjustments are reflected in the paragraphs below, which the Secretary and Plaintiffs request the Court enter as a permanent injunction, along with final judgment in this case.

1. The Secretary shall instruct county auditors or any other election official responsible for the administration of elections to follow the procedures outlined below.

2. If an absentee ballot received on or before election day is determined by an election board to be defective under N.D.C.C. § 16.1-07-12 because the signatures on the application and the affidavit on the outer envelope of a returned absentee ballot do not match, a county auditor, or county official designated by the county auditor (hereinafter "the county auditor"), shall take reasonable steps as soon as practicable to inform the voter that his or her ballot has been identified as having a signature mismatch and will be rejected if not verified by the voter.  Reasonable steps shall include but not be limited to calling the elector if the phone

number is available. If the county auditor is unable to reach the voter by phone, whether because the voter did not answer, the county auditor was only able to leave a voicemail or message, or if a phone number is not available, the county auditor shall mail a notice informing the voter that the absentee ballot has been identified as having a signature mismatch and will be rejected if not verified, along with instructions to respond to the notice in the manner described in Paragraph 3.

3. The voter shall have until the meeting of the canvassing board, which occurs on sixth day after the election, to confirm or deny the legitimacy of the signatures in question. The voter may confirm the legitimacy of the signatures by a response using any form of written communication, phone call or in-person visit with the county auditor. The response must be received from the voter before the adjournment of the county canvassing board. All such ballots in which the signatures have been confirmed by the voter will be included in the final vote tally as certified by the county canvassing board. A note or log of the county auditor memorializing the phone call or the written communication from the voter must be presented to the canvassing board and retained with all election materials for the twenty-two-month retention period required by federal and state law.

4. If the voter does not respond to the notice, and if the canvassing board determines that the signatures do not match, the ballot shall not be counted.

5. For absentee ballots received after election day with postmarks no later than the day prior to election day, the county auditor shall compare the signature on the application submitted by the voter with the affidavit on the outer envelope of the voter's returned absentee ballot to identify whether the canvassing board is likely to determine that the signatures do not match. For such ballots, the county auditor shall immediately implement the notice process set forth in Paragraph 2. Paragraphs 3 and 4 shall apply to such ballots.

6. If the canvassing board determines that an absentee ballot has a mismatched signature, and if that voter was not previously provided notice pursuant to Paragraph 5, the county auditor will attempt to contact the voter by phone to confirm or deny the legitimacy of the signatures

in question. The voter may do so in the manner set forth in Paragraph 3, and thereby have the vote included in the final vote tally as certified by the canvassing board. If the voter cannot be reached by phone or otherwise contacted, the ballot shall not be counted.

7. All voters whose absentee ballots were not counted will be sent a written notice explaining that the ballot was rejected and the reason for the rejection.

8. For the November 3, 2020 election, the Secretary shall add an instruction to be sent with the absentee ballot to inform voters that their signatures will be subject to signature matching for ballot verification and that if there is a question about the validity of a voter's signatures, a reasonable attempt will be made to contact the voter and provide an opportunity to verify the voter's identity.

9. For elections taking place after November 3, 2020, the Secretary shall ensure that the instruction set forth in Paragraph 8 is provided to voters along with the absentee ballot application and the absentee ballot.

This injunction shall remain in effect as long as North Dakota continues to rely on signature matching for absentee ballot verification unless legislation that provides a different procedure for notice and opportunity to cure signature defects is enacted to supersede it.

Dated this 27th day of August, 2020.

State of North Dakota
Wayne Stenehjem
Attorney General

By:  /s/ Matthew A. Sagsveen
Matthew A. Sagsveen
Solicitor General
State Bar ID No. 05613
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email masagsve@nd.gov

By:  /s/ David R. Phillips
David R. Phillips
Assistant Attorney General
State Bar ID No. 06116
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email drphillips@nd.gov

Attorneys for Defendant.


4

| By: | /s/ Mark Gaber | By: | /s/ Derrick Braaten |
|---|---|---|---|
| | Mark Gaber | | Derrick Braaten |
| | Danielle Lang* | | Derrick Braaten (ND#06394) |
| | Dana Paikowsky*# | | Carey Goetz (ND #05958) |
| | Aseem Mulji*# | | BRAATEN LAW FIRM |
| | CAMPAIGN LEGAL CENTER | | 109 North 4th Street, Suite 100 |
| | 1101 14th Street NW, Suite 400 | | Bismarck, ND 58501 |
| | Washington, DC 20005 | | Telephone: (701) 221-2911 |
| | Telephone: (202) 736-2200 | | derrick@braatenlawfirm.com |
| | mgaber@campaignlegal.org | | carey@braatenlawfirm.com |
| | dlang@campaignlegal.org | | |
| | dpaikowsky@campaignlegal.org | | /s/ Sarah M. Vogel |
| | amulji@campaignlegal.org | | Sarah M. Vogel (ND#03964) |
| | | | SARAH VOGEL LAW FIRM |
| | * Admitted *pro hac vice* | | P.O. Box 385 |
| | # Licensed in CA only; supervision by | | Bismarck, ND 58502-0385 |
| | Danielle Lang, a member of the D.C. Bar | | Telephone: (701) 355-6521 |
| | | | sarahvogellaw@gmail.com |

Attorneys for Plaintiffs