Local AO 450 (rev. 5/10)

# United States District Court
### *District of North Dakota*

| | |
|---|---|
| Self Advocacy Solutions N.D.,<br>League of Women Voters of North Dakota,<br>and Maria Fallon Romo, | AMENDED<br>JUDGMENT IN A CIVIL CASE |
| Plaintiffs, | |
| vs. | Case No.   3:20-cv-71 |
| Alvin Jaeger, in his official capacity as Secretary of State, and Debbie Nelson, in her official capacity as County Auditor of Grand Forks County, | |
| Defendants. | |

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☑ **Decision on Motion**. This action came before the Court on motion. The issues have been considered and a decision rendered.

☐ **Stipulation**. This action came before the court on motion of the parties. The issues have been resolved.

☐ **Dismissal**. This action was voluntarily dismissed by Plaintiff pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

**IT IS ORDERED AND ADJUDGED:**

(see attached)

Date: October 23, 2020

ROBERT J. ANSLEY, CLERK OF COURT

by: */s/ Shantel Jagol, Deputy Clerk*

The Court **ORDERS** as follows:

1. The Secretary shall instruct county auditors or any other election official responsible for the administration of elections to follow the procedures outlined below.

2. If an absentee ballot received on or before election day is determined by an election board to be defective under N.D.C.C. § 16.1-07-12 because the signatures on the application and the affidavit on the outer envelope of a returned absentee ballot do not match, a county auditor, or county official designated by the county auditor (hereinafter "the county auditor"), shall take reasonable steps as soon as practicable to inform the voter that his or her ballot has been identified as having a signature mismatch and will be rejected if not verified by the voter. Reasonable steps shall include but not be limited to calling the elector if the phone number is available. If the county auditor is unable to reach the voter by phone, whether because the voter did not answer, the county auditor was only able to leave a voicemail or message, or if a phone number is not available, the county auditor shall mail a notice informing the voter that the absentee ballot has been identified as having a signature mismatch and will be rejected if not verified, along with instructions to respond to the notice in the manner described in Paragraph 3.

3. The voter shall have until the meeting of the canvassing board, which occurs on sixth day after the election, to confirm or deny the legitimacy of the signatures in question. The voter may confirm the legitimacy of the signatures by a response using any form of written communication, phone call, or in-person visit with the county auditor. The response must be received from the voter before the adjournment of the county canvassing board. All such ballots in which the signatures have been confirmed by the voter will be included in the final vote tally as certified by the county canvassing board. A note or log of the county auditor memorializing the phone call or the written communication from the voter must be presented to the canvassing board and retained with all election materials for the twenty-two-month retention period required by federal and state law.

4. If the voter does not respond to the notice, and if the canvassing board determines that the signatures do not match, the ballot shall not be counted.

5. For absentee ballots received after election day with postmarks no later than the day prior to election day, the county auditor shall compare the signature on the application submitted by the voter with the affidavit on the outer envelope of the voter's returned absentee ballot to identify whether the canvassing board is likely to determine that the signatures do not match. For such ballots, the county auditor shall immediately implement the notice process set forth in Paragraph 2. Paragraphs 3 and 4 shall apply to such ballots.

*(continued next page)*

6. If the canvassing board determines that an absentee ballot has a mismatched signature, and if that voter was not previously provided notice pursuant to Paragraph 5, the county auditor will attempt to contact the voter by phone to confirm or deny the legitimacy of the signatures in question. The voter may do so in the manner set forth in Paragraph 3, and thereby have the vote included in the final vote tally as certified by the canvassing board. If the voter cannot be reached by phone or otherwise contacted, the ballot shall not be counted.

7. All voters whose absentee ballots were not counted will be sent a written notice explaining that the ballot was rejected and the reason for the rejection.

8. For the November 3, 2020 election, the Secretary shall add an instruction to be sent with the absentee ballot to inform voters that their signatures will be subject to signature matching for ballot verification and that if there is a question about the validity of a voter's signatures, a reasonable attempt will be made to contact the voter and provide an opportunity to verify the voter's identity.

9. For elections taking place after November 3, 2020, the Secretary shall ensure that the instruction set forth in Paragraph 8 is provided to voters along with the absentee ballot application and the absentee ballot.

This injunction shall remain in effect as long as North Dakota continues to rely on signature matching for absentee ballot verification unless legislation that provides a different procedure for notice and opportunity to cure signature defects is enacted to supersede it.

Pursuant to the Order dated October 23, 2020, the Court agrees that $97,500 is a reasonable amount for attorneys' fees and costs. The Court **ORDERS** the Secretary to pay the proceeds as follows: (1) Sarah Vogel: $6,568.30, (2) Braaten Law Firm: $6,494.41, and (3) Campaign Legal Center: $84,437.29.